AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of

**A-3: Black 2017 Ford Mustang Shelby GT350; Plate 8WXX406 with VIN 1FA6P8JZ2H5520593.**

Case No. 22-8002 MB

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A-3.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before  2-1-22  *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for  30  days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  1-18-22 @ 9:39 A.M.,  /s/ J. Boyle
Judge's signature

City and state: <u>Phoenix, Arizona</u>

<u>Honorable John Z Boyle, U.S. Magistrate Judge</u>
*Printed name and title*

## ATTACHMENT A-3

*Property to be searched*

**Subject Vehicle A-3** is a black-colored, 2017 Ford Mustang Shelby GT350 bearing California registration 8WXX406 with VIN 1FA6P8JZ2H5520593. This vehicle is registered to **ARELLANO-BUENROSTRO** at 1343 N. La Cadena Dr., Colton, CA 92324. It is currently parked in the driveway of 2806 West Royal Palm Road, Phoenix, Arizona.



## ATTACHMENT B

*Property to be seized*

All items constituting the evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. § 371, Conspiracy to Deal Firearms Without a License; 18 U.S.C. § 922(a)(1)(A), Dealing Firearms Without a License; 21 U.S.C. § 841(a)(1), Manufacturing, Distributing, Possessing, or Possess with the Intent to Manufacture, Distribute, or Dispense a Controlled Substance; 21 U.S.C. § 843(b), Knowing or Intentional Use of a Communication Facility in the Commission of a Controlled Substance Felony Offense; 21 U.S.C. § 846, Attempt or Conspiracy to Commit a Controlled Substance Offense (collectively the "**Target Offenses**"); including, but not limited to, the following:

1. All firearms, ammunition, and other items relating to the possession, maintenance and use of firearms, including ammunition magazines, speed loaders, ballistic vests, spare firearms parts, holsters, cleaning kits, and all other documentation that relates to the possession, sale or transfer of firearms, including but not limited to photographs, receipts for the purchase or repair of firearms, firearm containers, carrying cases, and firearm boxes.

2. All machineguns, Glock Conversion Devices/"Switches" (machineguns), and parts used to assemble Glock Conversion Devices/"Switches."

3. Currency derived from the sale of firearms and money wrappers, rubber bands, money containers, and money counting machines.

4. Financial instruments purchased with large amounts of currency derived from the sale of firearms, including travelers' checks, bonds, stock certificates, cashier's checks, certificates of deposit, and money orders.

5. Records, documents and deeds reflecting the purchase or lease of real estate, vehicles, precious metals, jewelry or other items obtained with the proceeds of the sales of firearms.

6. Any boxes, bags, briefcases, suitcases or containers used to carry or conceal

the items described in this Attachment.

7. Documents, items, and indicia tending to establish the identity of persons in control of the premises and/or things described in the warrants, including utility bills, rent receipts, canceled checks, bank and other financial statements and records, deposit receipts, passports, driver's licenses, social security cards, mail, automobile titles, and other identification documents, land and lease titles, escrow papers, photographs, video and audio records, and keys.

8. Documents, photographs, video recordings, audio recordings, items and other indicia evidencing membership, affiliation, association or interaction with firearms trafficking or sales, including notes, letters, mailings, correspondence, pictures, and audio or video recordings (even lyrics and performances) referring to firearm or ammunition trafficking.

9. All documents evidencing the manufacture, sale, distribution, or possession of firearms, including but not limited to books, ledgers and diaries, address books and lists, buyer and seller lists, notebooks, IOUs, spreadsheets, rolodexes, telephone bills, telephone answering pads, bank and financial records, wire transfer records, evidence of off-site storage (such as storage locker receipts and safety deposit box rental records and keys), documents reflecting domestic and international travel (such as airline tickets, itineraries, and passports), and receipts showing travel (such as airline receipts, car rental receipts, hotel receipts, and fuel receipts).

10. Narcotics, including methamphetamine, and other controlled substances.

11. Equipment, tools, and instruments associated with the distribution, use, storage, and processing of controlled substances, including but not limited to, scales and other weighing devices, packaging items such as baggies, paper bags, plastic bags, and plastic storage containers.

12. Drugs and drug paraphernalia, including pipes, syringes, and rolling papers.

13. Heat sealing and/or canning devices and/or aromatic substances such as laundry soap, dryer sheets, air fresheners, or axle grease.

14. Diluents and other agents used to dilute, or "cut," drugs in order to increase the drugs' volume or weight. Also, equipment used in the packaging and distribution of drugs such as scales, sifters, hammers, grinders, razor blades, glass panes, mirrors and kilo or pound presses, masking agents, tape, heat sealers and heat-sealed bags, Ziplocs bags, paper bindles, and/or other containers. Photographs, videos, and any video or audio recordings pertaining to assets obtained with narcotics proceeds and/or trafficking in controlled substances, and/or weapons.

15. Significant amounts of United States and foreign currency, consistent with being derived from the sale of controlled substances.

16. Items showing unexplained wealth or evidencing the proceeds derived from illicit drug trafficking, including records concerning currency, precious metals, and/or jewelry valued in excess of $1,000, documentation relating to the purchase of real estate or motor vehicles; records evidencing the establishment of shell corporations and/or business fronts; records, documents, or other evidence relating to the existence of wire transfers, cashier's checks, and money orders; and money counting machines.

17. Documents pertaining to the possession, importation, exportation, and/or distribution of controlled substances and illegal proceeds, including invoices, shipping labels, tracking numbers, boxes, and envelopes.

18. Documents or records relating to narcotics or money ledgers, narcotics distribution or customer lists, narcotics supplier lists, correspondence, notation logs, receipts, journals, books, pay/owe sheets, records and other documents noting the price, quantity, date and/or times when narcotics were purchased, possessed, transferred, distributed, sold or concealed.

19. All records relating to lists of customers and related identifying information; types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions; any information related to sources of narcotics/drugs (including names, addresses, phone numbers, or any other identifying information); any information recording schedules or travel. Bank account records, wire transfer records, bank

statements, money drafts, checks, letter of credit, credit card bills, safety deposit keys and records, money wrappers, money containers, income tax returns, records of financial transfers which reflect the money generated from the sale of narcotics.

20. Devices or media that store data electronically under the control of those present at the **Subject Premises** or individuals present at or showing ownership or control over **Subject Vehicle A-3**, including personal computers, desktop computers, laptop computers, tablet computers, personal digital assistants ("PDAs"), iPads, mobile telephones, pagers, and answering machines.

21. The following records and documents contained in mobile telephones and/or electronic storage media, to the extent that they constitute evidence, fruits, and instrumentalities of a violation of the **Target Offenses** from on or about November 1, 2020 to the present:

    a. Names and contact information of individuals who may be engaged in firearms or drug trafficking contained in any Electronic Device;

    b. Logs of calls (which would include last numbers dialed, last calls received, time of calls and duration of calls) both to and from an Electronic Device;

    c. Text messages both sent to and received from an Electronic Device relating to or referencing firearm or drug trafficking and/or referencing individuals engaged in firearms or drug trafficking;

    d. Incoming and outgoing voice mail messages both to and from an Electronic Device relating to or referencing firearm or drug trafficking or individuals engaged in firearms or drug trafficking;

    e. Browser messages and/or internet communications (e.g., e-mail, text messages, information from social media applications) both to and from an Electronic Device relating to or referencing firearms or drug trafficking or individuals engaged in firearms or drug trafficking; and

  f. All documents in electronic format, including photographs and videos, relating to or referencing firearms trafficking and/or individuals engaged in firearms trafficking.

22. Photographs or videos stored and/or maintained in either hard-copy format or within digital cameras, cellular telephones/smartphones, video recorders, computers or other electronic recording devices, where such images/videos depict the subjects of the investigation with co-conspirators and/or depict other evidence listed herein and/or evidence of the identified violations.

23. Large amounts of U.S. currency and currency equivalents, such as cashier's checks, travelers' checks, stocks, bonds or money orders. Any and all financial records to include, but not limited to: records documenting the receipt and disposition of U.S. currency or currency equivalents, including bank records, receipts, credit card statements, statements relating to investment/brokerage accounts, bank statements, checks, deposit tickets and items, cashier's checks, money orders by whatever form, bank drafts or notes, traveler's checks, wire transfer records, cash disbursement journals or ledgers, cash receipts journals or ledgers, sales receipts and invoices, client listings, engagement letters or client contracts, accounts payable records, accounts receivable records, safe deposit box records and keys, storage facility records and keys, insurance records, records and receipts of expenditures of funds, tax returns, expense or profit records, lease or rental agreement or records, and any other documents recording or relating to the acquisition, conversion, movement, concealment, transfer, and movement of money, including any records identifying the source of the receipt and disposition of such funds. Additionally, items used to contain or process large amounts of currency, such as money wrappers, rubber bands, money containers, and money counting machines.

24. Equipment used for the protection of the property used to store trafficked firearms or controlled substances and/or proceeds derived from their sale, such as security systems and any form of counter-surveillance, such as two-way radios, police scanners,

video surveillance systems, anti-bugging devices, police radios, surveillance cameras, monitors and recording devices, other cameras, along with the corresponding purchase, service, and billing records/documents for such devices.

25. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    e. evidence indicating the computer user's state of mind as it relates to the **Target Offenses**;

    f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

  h. evidence of the times the COMPUTER was used;

  i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

  j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

  k. records of or information about Internet Protocol addresses used by the COMPUTER;

  l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

  m. contextual information necessary to understand the evidence described in this attachment.

  26. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

  27. This warrant authorizes law enforcement personnel to compel any individuals present at the **Subject Premises** or present at or showing ownership or control over **Subject Vehicle A-3** to provide biometric features, as described in the preceding paragraphs, to access or otherwise unlock any device. Further, this warrant does not authorize law enforcement personnel to request that individuals present at the **Subject Premises** or present at or showing ownership or control over **Subject Vehicle A-3** state or otherwise provide the password or any other means that may be used to unlock or access

the devices, including by identifying the specific biometric characteristics (including the unique finger(s) or other physical features) that may be used to unlock or access the devices.

28. This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, ATF or DEA may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.